IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**ANTHONY ROBERT ANDREOTTI**

    Defendant.

_____

**Case No. 6:21-cr-00347-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Defendant Anthony Robert Andreotti moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot. Reduce Sent. 1, ECF No. 86. Because Mr. Andreotti failed to exhaust his administrative remedies and, additionally, did not demonstrate extraordinary and compelling reasons justifying compassionate release, his motion is DENIED.

## LEGAL STANDARD

    "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress, however, provides an exception to this rule. Under the First Step Act, a defendant may file a motion for compassionate release directly with the district court after exhausting all administrative remedies. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). The court may then reduce the term of imprisonment after considering the § 3553(a) factors and whether "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's guidelines commentary provides four broad categories that constitute extraordinary and compelling reasons: (1) "medical condition of the defendant," (2) "age of the defendant," (3) "family circumstances," and (4) "other reasons."[1] U.S.S.G. § 1B1.13(b). The Court evaluates these factors based on an examination of the individual defendant's condition and circumstances. *See id.* While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission's statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam) (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

## DISCUSSION

On February 2, 2022, the Court sentenced Mr. Andreotti to 41 months of incarceration for one count of Conspiracy to Possess with Intent to Distribute Methamphetamine. J. & Commitment 1, ECF No. 84. Mr. Andreotti is currently housed at FCI Sheridan. He seeks compassionate release based on generalized complaints of (1) the facility's condition and treatment of prisoners and (2) "medical/psych" and "family circumstances." Def.'s Mot. 1, 5.

For a defendant to properly request compassionate release from a district court, they must first exhaust all administrative remedies. There is no clear evidence that Mr. Andreotti has availed himself of the possible administrative remedies.[2] Govt.'s Resp. Attach. A, ECF No. 89. Therefore, the Court must deny his motion.

---

[1] The U.S.S.G. amended guidelines for compassionate release, effective November 1, 2023, add two additional categories for the court to consider—"victim of abuse" and "unusually long sentence." The amendments to this portion of the guidelines mainly move language from the commentary into the body of the section, with little substantive change, and do not change the Court's analysis in this case. U.S. SENTENCING COMM'N, AMENDMENTS TO THE SENTENCING GUIDELINES (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

[2] Though Mr. Andreotti attaches an inmate request to staff form to his motion, Def.'s Mot. 5, it does not contain any proof that it was submitted to the Warden or any other Sheridan staff member. Additionally, an email from Sheridan staff indicates there is "no Compassionate Release/Reduction of Sentence request" on file. Govt.'s Resp. Attach A.

Even though it need not consider the merits of Mr. Andreotti's request, the Court also wants to address the claimed extraordinary and compelling circumstances. Nearly verbatim copies of Mr. Andreotti's motion have been filed by at least fifteen other FCI Sheridan inmates in the past two months. Govt.'s Resp. 6 n.1. To be extraordinary and compelling, complaints must be made based on individual inmate's circumstances. *See* § 1B1.13(b). "[G]eneralized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of 'extraordinary and compelling circumstances.'" *United States v. Brant*, No. 3:21-cr-00090-IM, 2023 WL 6289993, at *1 (D. Or. Sept. 27, 2023) (citing *United States v. Navarette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2-3 (D. Or. July 8, 2022)). Because Mr. Andreotti has not presented any information about his own circumstances, the Court has no way of finding extraordinary or compelling reasons to grant compassionate release.

## CONCLUSION

Mr. Andreotti's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge